IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTAULIC COMPANY,<br>4901 Kesslersville Road<br>Easton, PA 18044-0031<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>ANVIL INTERNATIONAL, LLC,<br>110 Corporate Drive, Suite 10<br>Portsmouth, NH 03801<br><br>　　　　　Defendant. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Victaulic Company ("Victaulic"), by and through its undersigned counsel, avers as follows for its Complaint against defendant Anvil International, LLC ("Anvil"):

### NATURE OF THE ACTION

1.　　This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*

### THE PARTIES

2.　　Victaulic is a New Jersey corporation with a principal place of business at 4901 Kesslersville Road, Easton, Northampton County, Pennsylvania.

3.　　Anvil is a Delaware limited liability company with a principal place of business at 110 Corporate Drive, Suite 10, Portsmouth, New Hampshire.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code, and, accordingly, jurisdiction is conferred on this Court pursuant to 28 U.S.C. §1338(a).

5. This Court has personal jurisdiction over Anvil, including because, on information and belief:

    a. Anvil has sold and offered to sell its products, including the infringing products, in this district;

    b. Anvil owns and operates a manufacturing plant in Columbia, Lancaster County, Pennsylvania, within this district, and various Anvil products, including the infringing products, are manufactured at that plant; and

    c. One of Anvil's four regional distribution centers for the United States is also located in Columbia, Pennsylvania, and the infringing products have been and/or will be distributed by Anvil through that distribution center.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) & (c) and 1400(b).

## VICTAULIC'S PATENTS-IN-SUIT

7. U.S. Patent No. 7,087,131 (the "131 Patent") was duly and legally issued by the United States Patent and Trademark Office on August 8, 2006 to Victaulic. A copy of the 131 Patent is attached as Exhibit 1.

8. U.S. Patent No. 7,712,796 (the "796 Patent") was duly and legally issued by the United States Patent and Trademark Office to Victaulic on May 11, 2010. A copy of the 796 Patent is attached as Exhibit 2.

9. By assignment, Victaulic is the sole owner of the entire right, title and interest in and to the 131 and 796 Patents and has the exclusive right to sue for infringement of the 131 and 796 Patents.

10. Victaulic has complied with the patent marking statute, 35 U.S.C. § 287.

### THE INFRINGING PRODUCT - ANVIL'S SLIDELOK COUPLING

11. Anvil's SlideLok coupling, described in more detail in the brochure attached as Exhibit 3, comprises two coupling segments held together by two pairs of bolts and nuts, with an inner gasket.

12. The coupling segments fit around two cylindrical pipe elements to be joined together. The coupling segments deform when installed on a pipe joint in accordance with Anvil's instructions, to conform to the outer surfaces of the pipe elements forming the joint.

13. Anvil is selling, offering for sale, promoting, advertising and marketing its SlideLok coupling in this district and throughout the United States.

14. For example, Exhibit 3 instructs customers and installers that the SlideLok coupling is installed "by simply lubricating the exposed gasket surfaces, and then sliding the coupling completely over the pipe end. . . . Installation is completed by bringing the adjacent component up to the pipe end, and sliding the coupling back over both pipe ends. The joint is finished by tightening the two bolts with an impact wrench or socket wrench." Anvil touts the advantages of this installation method by explaining that "[t]his method eliminates the possibility of the coupling falling off the pipe as the entire SlideLOK coupling rests on the pipe end."

### COUNT ONE
### PATENT INFRINGEMENT - U.S. PATENT NO. 7,086,131

15. Victaulic incorporates and realleges paragraphs 1 to 14.

16. Anvil has directly infringed the claimed method of the 131 Patent, in violation of 35 U.S.C. § 271(a), by practicing the method using the SlideLok coupling, including in the course of developing, testing, displaying and promoting the SlideLok coupling.

17. Anvil is inducing and contributing to infringement of the 131 Patent, in violation of 35 U.S.C. § 271(b) and (c), including by selling its SlideLok coupling and inducing third parties to use the coupling in a manner that infringes the 131 Patent. Third parties, when they use the SlideLok coupling following the instructions in Exhibit 3 (as well as Anvil website demonstration videos and other instructions), practice the steps of the claimed method of the 131 Patent and thus directly infringe the 131 Patent. The SlideLok coupling is a material part of the claimed method of the 131 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use. Anvil has sold and continues to sell the SlideLok coupling in the United States knowing that the coupling is especially adapted to practice the claimed method of the 131 Patent. For example, as shown in Exhibit 3 and website demonstration videos, Anvil instructs third parties to perform each of the steps recited by the claim of the 131 Patent, including the deformation of the coupling segments to conform to the outer surfaces of the pipe elements when installed. Anvil knew of the 131 Patent when it introduced the SlideLok coupling in the market (in fact, Anvil had requested that the United States Patent Office reexamine the 131 Patent before Anvil introduced the SlideLok coupling in the market), knew that its customers would infringe the 131 Patent when they install a SlideLok coupling on a pipe joint, and specifically intended for its customers to infringe the 131 Patent by following Anvil's installation instructions.

18. Anvil's infringement of the 131 Patent has been and is willful.

19. Anvil's infringing activities have caused, and are continuing to cause, substantial damage to Victaulic in an amount to be proven at trial.

20. On information and belief, Anvil will continue to infringe the 131 Patent unless enjoined by this Court.

## COUNT TWO
## PATENT INFRINGEMENT - U.S. PATENT NO. 7,712,796

21. Victaulic incorporates and realleges paragraphs 1 to 14.

22. Anvil has directly infringed the 796 Patent, in violation of 35 U.S.C. § 271(a), including by making, using, offering for sale, and selling the SlideLok coupling and in the course of developing, testing, displaying and promoting its SlideLok coupling.

23. Anvil is inducing and contributing to infringement of the 796 Patent, in violation of 35 U.S.C. § 271(b) and (c), including by selling its SlideLok coupling and inducing third parties to use the coupling in a manner that infringes the 796 Patent. Third parties, when they use the SlideLok coupling following the instructions in Exhibit 3 (as well as Anvil website demonstration videos and other instructions), directly infringe the claims of the 796 Patent. The SlideLok coupling has arcuate surfaces with the characteristics taught by the 796 Patent. The SlideLok coupling is a material part of the invention recited by claims of the 796 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use. Anvil has sold and continues to sell the SlideLok coupling in the United States knowing that the coupling is especially adapted to practice the invention recited by the 796 Patent claims. For example, as shown in Exhibit 3 and website demonstration videos, Anvil instructs third parties to use the SlideLok coupling in combination with a pair of pipe elements as recited in the 796 Patent claims. Anvil knew of the 796 Patent when it introduced the SlideLok coupling in the market market (in fact, Anvil had requested that the United States Patent Office reexamine the

796 patent before Anvil introduced the SlideLok coupling in the market), knew that its customers would infringe the 796 Patent when they install a SlideLok coupling on a pipe joint, and specifically intended for its customers to infringe the 796 Patent by following the installation instructions in Exhibit 3.

24.  Anvil's infringement of the 796 Patent has been and is willful.

25.  Anvil's infringing activities have caused, and are continuing to cause, substantial damage to Victaulic in an amount to be proven at trial.

26.  On information and belief, Anvil will continue to infringe the 796 Patent unless enjoined by this Court.

WHEREFORE, Victaulic prays that this Court:

A.  Adjudge and decree that Anvil has directly and/or indirectly infringed one or more claims of the 131 and 796 Patents;

B.  Preliminarily and permanently enjoin Anvil, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise, from continuing to infringe the 131 and 796 Patents;

C.  Order Anvil to pay damages sustained by Victaulic by reason of its infringement of the 131 and 796 Patents, together with interest and costs;

D.  Find that this is an exceptional case and order that the damages award be trebled pursuant to 35 U.S.C. § 284;

E.  Award Victaulic attorneys' fees pursuant to 35 U.S.C. § 285 and/or any other applicable provision of law; and

F.  Award Victaulic such further relief as this Court deems just and proper.

## JURY DEMAND

Victaulic hereby demands, pursuant to Fed. R. Civ. P. 38, a trial by jury of all issues so triable.

Dated: October 19, 2012

Respectfully submitted,

Robert R. Baron, Jr.
Marc S. Segal
Andrew M. Stern
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
Telephone: 215-665-8500
Facsimile: 215-864-8999

Attorneys for Plaintiff Victaulic Company

OF COUNSEL:

Darle M. Short
William J. Utermohlen
Meghan Carmody
OLIFF & BERRIDGE, PLC
277 S. Washington Street, Suite 500
Alexandria, VA  22314
Telephone: 703-836-6400
Facsimile: 703-836-2787