```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

VICTAULIC COMPANY                 :       CIVIL ACTION
                                  :
     v.                           :
                                  :
ANVIL INTERNATIONAL, LLC.         :       NO. 12-5985
```

ORDER

AND NOW, this 4th day of October, 2013, upon consideration of our May 15, 2013 Order to stay this matter pending the resolution of jurisdictional questions by the United District Court for the Northern District of Georgia, Anvil's October 1, 2013 epistolary submission pursuant to our Order of May 15, 2013 transmitting the September 26, 2013 Order by our sister court, and Victaulic's October 3, 2013 epistolary submission, as well as prior pleadings including Victaulic's complaint (docket entry # 1); Anvil's motion to dismiss, to stay or transfer (docket entry # 18); Victaulic's brief in opposition (docket entry # 21); Anvil's reply brief (docket entry # 24); and Victaulic's surreply (docket entry # 27), and the Court finding that:

   (a)  By filing near contemporaneous lawsuits, the parties to this patent dispute set in motion an Alphonse and Gaston routine between us and the Northern District of Georgia that we now bring to a close;

   (b)  In January and February 2012--well before Anvil

filed the Georgia action for declaratory relief, on October 3, 2012, see Anvil Motion to Dismiss, Exhibit A (docket entry # 18), and Victaulic filed the instant action for patent infringement, on October 19, 2012, see Complaint (docket entry # 1)--Anvil filed inter partes reexamination requests with the U.S. Patent and Trademark Office (USPTO) over patents held by Victaulic, see Anvil Motion to Dismiss, Exhibit A at 9-12;

(c)  In response to the Anvil request, the USPTO granted the request for reexamination with respect to certain claims of two Victaulic patents, id.;

(d)  On September 26, 2013, our sister court exercised its jurisdiction by granting Anvil's motion for a discretionary stay pending the USPTO reexamination of the patents in suit, see Attachment to Anvil's October 1, 2013 epistolary submission; and

(e)  To avoid the possibility of inconsistent results on the same facts at issue, we will now dismiss without prejudice the matter before us;[1]

---

[1] Victaulic's claims before us may be preserved as compulsory counterclaims in our sister court under Fed. R. Civ P. 13(a), which provides that "[a] pleading must state as a counterclaim any claim that--at the time of its service--the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." As noted in the Advisory Committee Notes, the rule seeks to

It is hereby ORDERED that:

1. The Clerk of Court shall TRANSFER this matter from our Civil Suspense docket to our Active docket;

2. Anvil's motion to dismiss (docket entry # 18) is GRANTED;

3. Victaulic's complaint (docket entry # 1) is DISMISSED WITHOUT PREJUDICE;

4. The Clerk of Court shall DOCKET the attached correspondence, including the September 26, 2013 decision of our sister court; and

5. The Clerk of Court shall CLOSE this case statistically.

BY THE COURT:


/s/ Stewart Dalzell, J.

---

avoid the undesirable situation in which "a party having a claim which would be the subject of a compulsory counterclaim could avoid stating it as such by bringing an independent action in another court after the commencement of the federal action but before serving his pleading in the federal action."